

IN The U.S. District court

Michael A. Dobson

v.

Dr. Thompson

Case No 3:22 cv 132

## Motion to Amend

I would like to add the follow 56 (c) Rule. Dr Thompson failed to properly address plaintiff's assertion of fact.

1) plaintiff stated that the Defendant failed to show how the Red Onion Medical staff should have or would have KNOWN of the need to complete or continue the diagnostic process.

2) in Defendants declaration on page 2 paragraph 10, 11, 12, 13 The Defendant failed to show any supporting proof at all only a statement on doing it. However The Transfer form has a place for Mental Health to state any treating needed. But the Box was not marked or anything written per. policy.

3) Defendant stated that the Record and test were sent. However clearly "Not" properly by policy. Dr. McDuffie nor the "intake" records could find the notes needed in cores, file or in transfer package sent with plaintiff. This lead to the staff at Red Onion to be unable to continue the diagnostic process. How can any finder of Fact believe that the ① MMPI-2 test came back with a score so high that Dr McDuffie stated Needed "prompt" treatment, which was clearly stated in the Findings.

See ① page

Dr. McDuffie stated that plaintiff was in the 1% of all men.

4) How could it been "incumbent" on the mental health staff, when Dr Thompson did nothing to ensure that they knew of the need and made sure it was listed in the Transfer intake notes.

5) How could plaintiff known also when He too was left by the defendant in the dark.

Dr Thompson failed to show how or where he followed any policies that govern mental health care within VADOC. Dr McDuffie stated that the "profile validity page of the MMPI-2 test stated that my mental health problem was "out of control and unmanageable." And under the profile frequency part it stated "This elevated MMPI-2 profile configuration (4-6/6-4) is very rare, occurring in less than 1% of the MMPI-2 normative sample of men.

This test was showing "if" left untreated "all" of what now has developed is due to Dr Thompson failure, under Treatment considerations Therapy was a must. As stated by Dr. McDuffie Meds and Therapy and Med's alone are "to late" now

Respectfully
Michael D~

<u>Certificate of Service</u>

I certify that on February 24, 24. I mailed the foregoing document by U.S. Mail
To: Elizabeth M. Muldowney
PO Box 1998, Richmond Vs
23218-1998

Michael Dobson

IN THE the U.S. District Court

Dobson v. Thompson    Case No. 3:22 cv 132

Note: I no longer have the unredacted MMPI-2 test. After Dr. McDuffie stated I was not meant to have the test Dr McDuffie told me. However I made notes and we went over the listed finds. There is no way he scored the test and not known that he needed to ensure that the Transfer form was checked and the MMPI-2 test should have been noted. The statements made are based on both the notes and Assessment of my notes when questioning Dr. McDuffie.

Dr McDuffie was not the one who gave me the MMPI-2 test it was medical records and only after I told and showed the MMPI-2 test to Dr McDuffie was the test given back except the pages sent to the court, the other copy was sent to the U.S. District court western district court in case that lead to this one. However.. Dr McDuffie or Dr Thompson can state that all that's listed is true.

Respectfully
Michel B

Feb 24 24

(Certificate of Service)
Copy sent to Sands Anderson P.C

I certify that on Feb 24, 24 I mailed Ms Muldowney this note.

Michel B